FILED
2021 Jun-03 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MELLIA SHEA MCCOMB,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 4:20-CV-01171-CLS |
| ) | |
| **ANDREW SAUL, Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Mellia Shea McComb commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying her claim for a period of disability and disability insurance benefits.[1]

The court's role in reviewing clams brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the Appeals Council failed to properly consider newly submitted evidence, and that the ALJ's finding of medical improvement is not supported by substantial evidence when the new evidence is considered.[2] Upon review of the record, the court concludes that those contentions lack merit, and the Commissioner's ruling is due to be affirmed.

## I. PROCEDURAL HISTORY

Claimant was found to be disabled on July 28, 2010, due to the following medically determinable impairments: major depressive disorder; borderline personality disorder; and history of substance abuse.[3] The July 28, 2010 disability determination serves as claimant's "comparison point decision."[4]

A disability officer later determined that, as of June 1, 2017, claimant had experienced "medical improvement."[5] The ALJ affirmed the disability officer's finding of medical improvement in a decision dated October 10, 2019. The ALJ's

---

[2] *See* doc. no. 9 (Brief in Support of Disability), at 18-25.
[3] Tr. 23.
[4] *Id.*
[5] Tr. 25.

2

decision, which is the subject of this appeal, found that claimant has had the following medically determinable impairments since her date of medical improvement: bipolar disorder with psychosis; anxiety; borderline personality disorder; chronic pain syndrome; traumatic arthritis; obesity; and foot drop.[6] The ALJ further determined that, despite those impairments, claimant possessed the residual functional capacity to perform sedentary work with additional postural limitations.[7]

## II. DISCUSSION

**A.    The Appeals Council Properly Considered the New Evidence.**

Claimant first argues that the Appeals Council inappropriately failed to consider new evidence.

> When a claimant submits new evidence to the AC [*i.e.*, the Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram* [*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

---

[6] Tr. 23-25.
[7] Tr. 26-29.

3

*Smith v. Astrue*, 272 F. App'x 789, 802 (11th Cir. 2008) (alterations and emphasis supplied). Moreover, new evidence should be considered if there is a reasonable possibility that it would have changed the administrative result. *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015).

Claimant submitted eight new pieces of evidence to the Appeals Council: (1) transcripts of the hearings conducted by the Administrative Law Judge; (2) an affidavit from the claimant's mother, Debbie Simpson, dated November 15, 2019; (3) a mental health statement from Dr. June Nichols, a psychologist who conducted an evaluation of the claimant at the request of claimant's counsel, dated January 29, 2020; (4) a psychological evaluation authored by Dr. June Nichols and dated January 7, 2020; (5) medical records from Highland Health Systems dated January 31, 2019 through December 19, 2019; (6) clinic notes from UAB Medicine dated September 10, 2018; (7) medical records from Woodland Family Healthcare dated July 25, 2018 through October 21, 2019; and (8) a physical capacities form from Dr. Kevin Hart dated November 18, 2019.[8] The Appeals Council found that the evidence did not "show a reasonable probability that it would change the outcome of the decision."[9]

---

[8] Tr. 2. *See also id.* at 16 (Debbie Simpson Affidavit); *id.* at 37-56 (hearing transcripts); *id.* at 57-60 (September 10, 2018 UAB Medicine Notes); *id.* at 61-83 (Woodland Family Healthcare records); *id.* at 84 (January 29, 2020 mental health statement by Dr. June Nichols); *id.* at 85-88 (January 7, 2020 evaluation by Dr. June Nichols); *id.* at 89-161 (Highland Health Systems records); *id.* at 162 (November 18, 2019 physical capacities form by Dr. Kevin Hart).

[9] Tr. 2.

Claimant argues that the Appeals Council erroneously refused to *consider* the "new, material, and chronologically relevant evidence." Doc. no. 9 (Claimant's Brief), at 19 (quoting *Washington*, 806 F.3d at 1320). However, the Appeals Council stated that it *did consider* the new evidence, but that it did not find the evidence demonstrated a "reasonable probability that it would change the outcome of the decision."[10] The Appeals Council is not required to explain in detail why it reached that conclusion. *See Mitchell v. Commissioner, Social Security Administration*, 771 F.3d 780, 783 (11th Cir. 2014) (No precedent "requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review."). Accordingly, the Appeals Council did not erroneously fail to *consider* the new evidence.

## B.   The ALJ's Decision Is Supported by Substantial Evidence.

Claimant next argues that the ALJ's finding of medical improvement was not supported by substantial evidence. In support of that contention claimant states that, "[w]hen the submissions to the Appeals Council are considered, the Commissioner failed to show improvement." Doc. no. 9 (Claimant's Brief), at 25 (alteration supplied).

Because claimant's original brief provided no explanation or evidentiary

---

[10] Tr. 2.

support for that assertion, this court ordered claimant's attorney to file a supplemental brief that supplied facts in support of counsel's conclusory argument. *See* doc. no. 15. The supplemental brief of claimant's counsel argues that the doctors whose opinions the ALJ considered did not have an opportunity to review the new evidence submitted to the Appeals Council. *See* doc. no. 18 (Supplemental Brief), at 20-24. The new evidence, however, is consistent with the medical evidence already in the record, and likely would not have altered those doctor's opinions.

In finding medical improvement, the ALJ first evaluated claimant's progress on her mental health impairments present at the time of the comparison point decision. She found that, since June 1, 2017, claimant's mental status had been stabilized with medication.[11] The ALJ additionally evaluated Listing 12.04, under which claimant previously received disability benefits, and found that claimant no longer had any marked or extreme limitations that would meet the requirements for the Listing.[12] The new evidence submitted to the Appeals Council, including the psychological evaluation performed by Dr. June Nichols, does not alter the ALJ's finding that claimant's mental status is stable with medication. In fact, after a brief

---

[11] *See* Tr. 28-29.
[12] *See* Tr. 23-24.

period where claimant stopped taking her medication and became unstable,[13] her medical records note that once she again began to take her medication, her mood and thought content were appropriate, her memory and attention were intact, her judgment and insight were fair, and she was feeling "great."[14] Dr. Nichols's evaluation even specifically notes that claimant described her medication as keeping her "stable."[15] Dr. Nichols's assertions that claimant would have to miss ten to fifteen days in a thirty-day period, or that she would be off-task for ten to twenty percent of an eight-hour work day are not supported by the evidence that shows claimant's mental health is well-managed with medication.[16] Accordingly, the ALJ's decision is still supported by substantial evidence.

The ALJ also evaluated claimant's physical disabilities. In fact, the ALJ's residual functional capacity finding was based primarily on the physical injuries claimant suffered in a 2011 motor vehicle accident. Those injuries have caused claimant chronic pain and have given her drop foot. Based on the medical evidence about claimant's physical incapacities, the ALJ found that she could perform

---

[13] *See* Tr. 89 ("She apparently has been depressed and has been making suicidal statements. . . . Has been off meds for 1 month. Was doing better on meds.") (Jan. 31, 2019).

[14] *See* Tr. 89-127; Tr. 103 ("I am doing great.") (Apr. 25, 2019).

[15] Tr. 85.

[16] *See* Tr. 84.

sedentary work with additional postural limitations.[17]

The additional medical records submitted to the Appeals Council are not remarkably different from the medical records available to the ALJ when she made her decision. Those new records document complaints of left hip and right ankle pain, and record that claimant often stabilizes her right ankle with a boot. Even so, the new records also note normal range of motion and normal gait.[18] That evidence continues to support the ALJ's finding that claimant could perform sedentary work.

Claimant also submitted a physical capacities form from Dr. Kevin Hart which is even more restrictive than the opinion from Dr. Rickless already discounted by the ALJ. Dr. Hart's assertions that claimant would be off-task twenty-five percent of an eight-hour work day and that she would miss ten to twelve days of a thirty-day period are not supported by the evidence of record.[19] Additionally, it is unclear whether "Dr. Kevin Hart" is the same person described elsewhere in this record as "James Kevin Hart, P.A."[20] A physician's assistant ("P.A.") is not considered to be an "acceptable medical source"; accordingly, if the individuals referred to in this record as "Dr. Kevin Hart" and "James Kevin Hart, P.A.," are the same person, the opinion of that

---

[17] *See* Tr. 26-29.

[18] Tr. 57-58, 64, 72-73, 80, 93, 99, 105, 111, 117, 124.

[19] *See* Tr. 162.

[20] The Commissioner makes this observation in his brief, but claimant does not respond to the assertion. *See* doc. no. 11 (Commissioner's Brief), at 17 n.8.

individual would not be due any special consideration or weight. *See* 24 C.F.R. §§ 404.1527(a)(1); 404.1513(a), (d)(1). Moreover, the ALJ's residual functional capacity determination still would be supported by substantial evidence.

### III. CONCLUSION

The court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

**DONE** and **ORDERED** this 3rd day of June, 2021.

_____
Senior United States District Judge